## PETITION OF BOSCAWEN AND PETITION OF CANTERBURY.

The court of common pleas, in case of repeated applications for the discontin-
uance of the same highway, may refuse to commit the same to the road com-
missioners, unless it appears that some changes of circumstances have occur-
red since the last hearing, that the new application cannot be regarded as
vexatious.

PETITIONS for discontinuance of a highway. It appeared that
the road sought· to be discontinued was laid out by the road
commissioners in 1848, across Merrimack river, in the towns of
Boscawen and Canterbury: the report being returned at the
October term of the common pleas of that year, and judgment
entered thereon.

At the March term, 1849, the towns petitioned the court for
leave to discontinue the road, which petition was continued to
the October term following, and then referred to the road com-
missioners. At the March term, 1850, the commissioners made
a report to the court against the discontinuance of the highway,
and the report was accepted at that term.

A second petition for leave to discontinue the road was pre-
sented at March term, 1851, which petition was then dismissed.
But at the same term another petition was presented and re-
ferred to the road commissioners, who, at the October term
after, reported against the discontinuance. At March term,
1853, this report was set aside and the petition referred to the
new board of commissioners. After a hearing by this board, a
report was made by them against a discontinuance, and accepted
by the court at the October term, 1853.

The petitioners contended that since the last report of the road
commissioners, in October, 1853, a change of circumstances had
taken place, which should induce the court to refer this petition
to the road commissioners. They offered evidence of this, and
moved its reference.

The petitionees contended that, there having been repeated
applications to discontinue the road, and adverse reports, and
judgments thereon, the petition ought to be dismissed without
any investigation of the alleged change of circumstances. They

denied that any such change had occurred, and offered evidence to disprove it.

*Flint & Bryant, G. W. Morrison,* and *Bellows,* for the petitioners, cited *Petition of Strafford,* 14 N. H. 30 ; *Petition of Bath,* 2 Foster 581 ; *Hopkinton* v. *Smith,* 15 N. H. 152 ; *Howard's Petition,* 8 Foster 157.

*George & Foster,* and *Bartlett,* for the petitionees.

BELL, J.* In the case of the *Petition of Bath,* 2 Foster 576, it was held that after a hearing before the road commissioners, and an unfavorable report, accepted by the court, a second petition, founded on the same vote of the town, would not be referred to the road commissioners. The new petition, resting upon the same vote, has reference to the state of facts existing at that vote, and the question of the propriety of a discontinuance upon that state of facts having been judicially determined, is no longer open. Upon a vote at a subsequent date, it would be reasonable to suppose that a new state of facts had arisen ; and the case having reference to a different point of time, might be regarded as new, and ordinarily such a petition would be referred to the road commissioners.

In the case of *Howard's Petition,* 8 Foster 157, where a petition to lay out a highway, which had been discontinued, was presented two years after the discontinuance, it was held that after such a lapse of time the presumption would be that there was a case that should go to the road commissioners. All questions of expediency and public convenience are liable to change their aspects with the lapse of time. Examples will present themselves to every one who has noticed the history of public improvements. Many highways, once thought great and most useful improvements, have been disused. Turnpikes and canals, once the boast of the State, have become almost matters of history.

In the case of *Strafford's Petition,* 14 N. H. 30, as well as

* PERLEY, C. J., and FOWLER, J., having been of counsel, did not sit.

in the other cases referred to, the court suggest that in a case where the merits of a road petition have been repeatedly passed upon, the court might, by analogy to proceedings in suits at law, exercise a legal discretion, and refuse to entertain a new petition.

The general principle of our law, that it is expedient there should be an end to litigation, applies alike to all classes of cases in nearly an equal degree, and we think it cannot be regarded as inapplicable in cases of this kind. The doctrine of *res judicata* will not apply, because, technically, the cases and the questions are not the same. But in other cases, where, from the nature of the proceedings, a party may bring a second action upon what is substantially the same state of facts, the courts have, in their discretion, refused to allow repeated suits. Thus in actions of ejectment, the judgments not being conclusive, the courts of equity, after repeated trials, have granted injunctions to stop further litigation. 2 Selw. N. P. 670 ; Eden. Inj. 256.

In cases of the kind before us, it is contended that the court of common pleas have no discretion, but are bound to refer all petitions relating to roads to the commissioners. The fourth section of chapter 50, of the Revised Statutes, provides that "if no sufficient objection shall be made, all petitions relating to roads shall be referred to the road commissioners of the county," &c. This provision clearly leaves the decision of the question whether there is any sufficient objection to the commitment, to the court of common pleas. If the case is found by them a proper one to be allowed to proceed, it is to be committed, and to the road commissioners exclusively ; but the court have the power and duty to consider and allow any valid objection which may render a reference improper. And any objection which, in this court, would furnish good cause to enjoin the proceedings as vexatious, would be good cause to dismiss a vexatious petition.

In this case the road was laid out upon a report of the commissioners, in 1848. In 1850 a report of a new board was accepted, refusing leave to discontinue the road, and in 1853 a similar report was accepted, after a like report had been set aside for some cause, which does not appear. The question has

been three times judicially determined, and if the circumstances are unchanged, that ought to be conclusive.

But it was contended in the court below, and is now insisted upon here, that besides the presumption resulting from the lapse of time, agreeably to the cases before cited, they are prepared to show a change of circumstances since the last hearing, which renders a reëxamination of the question reasonable and proper. It is assigned to us to determine whether it was the duty of the court of common pleas to examine and decide that question; and we do not entertain any doubt that if the ground stated is established, it removes the presumption that the petition is vexatious, and makes a commitment proper; and if otherwise it should be dismissed, and that the court of common pleas may properly examine and decide that question.